

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Samuel Whitehead, )
    Petitioner, )
 )
v. )    1:07cv1193 (CMH/TCB)
 )
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Samuel Whitehead, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his sentence in the Circuit Court for Arlington County, Virginia for a violation of his conditions of probation. On February 6, 2008, respondent filed a Motion to Dismiss the petition, a brief in support of that Motion, and a Rule 5 Answer. Whitehead was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K), and has filed a response. For the reasons that follow, Whitehead's claims must be dismissed.

### I. Background

On October 8, 1997[1] in the Circuit Court for Arlington County, Virginia, Whitehead was sentenced to ten years incarceration with seven years suspended for grand larceny. Commonwealth v. Whitehead, No. CR97-555 (Va. Cir. Ct. Aug. 8, 1997) (sentencing order). Whitehead served three years of this sentence and was released from incarceration on the condition that he remain on probation for a period of five years. On May 14, 2002, two probation officers from the Virginia Department of Corrections requested that the trial court hold a hearing to determine if Whitehead

---

[1] The sentencing order was signed on October 3, 1997; however, the hearing date listed on the order is October 8, 1997.

was in violation of the conditions of his probation for failing to maintain regular employment and for four positive tests for the drug PCP. Ltr. from Roberts and Reese dated May 14, 2002. Whitehead failed to appear for a revocation hearing on August 9, 2002 and the judge issued an order to have Whitehead arrested. Commonwealth v. Whitehead, No. CR97-555 (Va. Cir. Ct. Aug. 28, 2002).

On April 23, 2004, Whitehead was present and represented by counsel at a probation revocation hearing. After explaining that Whitehead had been employed in the same job with a moving services company since January 3, 2001, that the positive drug tests resulted from a few times that Whitehead had taken PCP back in 2002, and that Whitehead had turned his life around in a number of other ways, the attorney asked that Whitehead be restored to probation. Tr. 7:2 - 3. The Commonwealth did not object to the restoration of Whitehead to probation but argued that if the court were to choose that option, the period of probation should be extended by one year. Tr. 7:11-19. Despite the Commonwealth's concession to the restoration of probation, the trial judge ordered Whitehead to serve the remaining seven years of his sentence that had been previously suspended. Tr. 9:12 - 13; Commonwealth v. Whitehead, No. CR97-555 (Va. Cir. Ct. May 28, 2004).

Whitehead filed a direct appeal of the circuit court's imposition of the incarcerative sentence to the Court of Appeals of Virginia, and his appeal was denied on July 7, 2005. Whitehead v. Commonwealth, R. No. 1847-04-4 (Va. Ct. App. Jul. 7, 2005). Whitehead then appealed to the Supreme Court of Virginia. On October 14, 2005, that court refused the petition for appeal, pursuant to Va. Sup. Ct. R. 5:17(c). Whitehead v. Commonwealth, R. No. 051662 (Va. Oct. 14, 2005). Whitehead filed a petition for rehearing, which was denied by order dated January 24, 2006. Whitehead v. Commonwealth, R. No. 051662 (Va. Jan. 24, 2006).

Whitehead next filed a petition for a writ of habeas corpus in the Circuit Court for Arlington County, Virginia, claiming that: (1) the trial court abused its discretion; (2) he was denied the effective assistance of counsel during the probation violation proceeding; and (3) his conviction was obtained in violation of the Fifth Amendment. Pet. dated June 30, 2006. On March 7, 2007, the circuit court dismissed Whitehead's habeas petition. <u>Whitehead v. Johnson</u>, Case No. 06-1000 (Va. Cir. Ct. Mar. 7, 2007). Whitehead appealed the circuit court's dismissal of his habeas petition to the Supreme Court of Virginia, claiming that the circuit court erred in: (1) "failing to consider, liberally construe and accept [his] pro se 'opposition to motion to dismiss and reply and support of petition for habeas relief;'" (2) dismissing his ineffective assistance of counsel claims; and (3) failing to make a finding that he was in violation of probation and giving a fair trial. Pet. dated Apr. 18, 2007 at 2. The Supreme Court of Virginia dismissed Whitehead's appeal on September 25, 2007. <u>Whitehead v. Johnson</u>, R. No. 070827 (Va. Sept. 25, 2007).

On November 19, 2007, Whitehead filed the instant federal petition for a writ of habeas corpus. In his federal habeas petition, Whitehead raises claim 1 in the same words that he used in his habeas application to the Supreme Court of Virginia. In claim 2 of the federal petition, he combines claims 2 and 3 of his state petition and argues that he was denied both the effective assistance of counsel and a fair trial. Fed. Pet. at 5 - 6.

## II. Exhaustion[2]

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts. As a general rule,

---

[2] Respondent titles a section of his brief in support of the Motion to Dismiss "exhaustion and default." Because of the condition of the Commonwealth's brief, the Court is unable to ascertain the Commonwealth's position on these issues.

a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal; (ii) a state habeas corpus petition; or (iii) an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that in order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," meaning that "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court."). Because the record demonstrates that Whitehead fairly presented his present claims to the state tribunals, the exhaustion requirement is satisfied.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state

court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

## IV. Analysis

A. Claim 1:

In claim 1, Whitehead alleges, as he did in his state habeas appeal to the Supreme Court of Virginia, that the circuit court erred in "failing to consider, liberally construe and accept [his] pro se 'opposition to motion to dismiss and reply and support of petition for habeas relief.'" Fed. Pet. at 5. The Supreme Court of Virginia dismissed claim 1 without comment. Whitehead v. Johnson, R. No. 070827 (Va. Sept. 25, 2007). As respondent correctly notes, claim 1 presents no federal issue. As such, it must be dismissed.

A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas review under § 2254. Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985)).

Whitehead does not claim that the circuit court's failure to address his response to respondent's motion to dismiss his state habeas petition violated the Constitution or federal law; nor could he, as his claim rests solely on the procedures that circuit courts in the Commonwealth of Virginia use to address petitions for a writ of habeas corpus. See Va. Sup. Ct. Rule 5:7. In state habeas proceedings, "[o]nly two pleadings are permitted, an application and a responsive pleading (answer). Briefs may be filed only with the application and the responsive pleading. Rule 5:7(d). No other filings are contemplated. Indeed, none are permitted except upon orders of the Court. Rule 5:7(e)." Taylor v. Murray, 855 F.Supp. 124, 126 (E.D. Va. 1994). As such, the Supreme Court of Virginia's failure to address claims raised in petitioner's state habeas opposition was in accordance with Va. Sup. Ct. R. 5:7.

Moreover, as respondent notes, even if the circuit court had erred in failing to consider Whitehead's opposition pleading, that failure does not provide a basis for federal habeas relief. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) for the proposition that errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review). Because Whitehead presents no federal issue in claim 1, it must be dismissed.

B. Claim 2:

In claim 2, Whitehead asserts that he was denied the effective assistance of counsel and the right to a fair trial. Specifically, Whitehead claims that the trial judge improperly relied on Whitehead's juvenile and adult record in deciding to sentence Whitehead to the entire term of his suspended sentence, and he challenges his attorney's failure to contest the trial judge's understanding of his prior record. Whitehead raised this ineffective assistance claim both in the petition for a writ

of habeas corpus he filed to the circuit court and in the petition he filed to the Supreme Court of Virginia. Also, it appears that Whitehead raised his claim about a fair trial to the Supreme Court of Virginia and to the circuit court.[3]

Turning first to Whitehead's allegation that he received ineffective assistance of counsel, Whitehead, to prevail, must show that the Supreme Court of Virginia's adjudication was contrary to, or an unreasonable application of the decision in Strickland v. Washington, or was based on an unreasonable determination of the facts. 466 U.S. 668 (1984); see 28 U.S.C. § 2254(d). In order to do this, he must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's

---

[3] In his petition to the Supreme Court of Virginia, Whitehead's claim about being denied the right to a fair trial was based on errors Whitehead alleged the trial court made in conducting his revocation proceeding and in sentencing him to serve the entire seven year term of his suspended sentence. In his petition to the circuit court, instead of making a general claim about the right to a fair trial, Whitehead claimed that the trial court abused its discretion and highlighted the ways in which he believed that the trial court erred. Thus, liberally construed, it appears that Whitehead raised this claim both in his state habeas petitions and in the instant federal petition.

performance must be highly deferential," Strickland, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. That is, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

Relying on Strickland, the Circuit Court for the County of Arlington, Virginia dismissed Whitehead's claim that his attorney provided ineffective assistance. Whitehead v. Johnson, Case No. 06-1000 at 5 - 9 (Va. Cir. Ct. Mar. 7, 2007). Without discussion or analysis, the Supreme Court of Virginia refused Whitehead's petition for appeal of the circuit court's decision. Whitehead, R. No. 070827. Accordingly, this Court must infer that the Supreme Court of Virginia's dismissal was for the same reasons as offered by the circuit court. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).[4]

In addressing Whitehead's ineffective assistance claim, the circuit court first found that he was not entitled to relief because the right to effective representation only arises when a right to counsel exists, and Whitehead had no constitutional right to counsel at his revocation hearing. Whitehead, No. 06-1000 at 5 (citing Gagnon v. Scarpelli, 411 U.S. 778 (1973); Howard v. Warden, 348 S.E.2d 211, 213 (Va. 1986)). Because Whitehead had no right to counsel at his revocation hearing, the circuit court concluded that he could not have been denied effective assistance and

---

[4] In Whitehead's response to respondent's Motion to Dismiss, he states that "the state habeas proceedings do not deserve any deference because the Virginia Supreme Court did nothing to identify any legal principle or any rationale for the dismissal without comment." This argument lacks merit as the circuit court's legal analysis and conclusions are imputed to the Supreme Court in these situations. See Ylst v. Nunnemaker, 501 U.S. at 803.

dismissed this claim as failing to meet either prong of the Strickland test. Whitehead, No. 06-1000 at 5. However, the circuit court went on to conduct an alternative analysis where it examined Whitehead's ineffective assistance claim on the merits. The court found that Whitehead's "counsel did make an admirable effort to overcome [his] record by stressing to the trial court the progress [he] had made in the recent past." Id. at 7. Thus, the circuit court concluded that Whitehead failed to meet his burden to satisfy either prong of the Strickland test for any component of his ineffective assistance of counsel claim. Id. at 6 - 9.

Likewise, in the instant federal petition, Whitehead has failed to satisfy both prongs of the Strickland test for each of the allegations raised in his ineffective assistance claim. First, he fails to establish the threshold requirement that he had a right to counsel at his revocation hearing. Moreover, even assuming Whitehead did have a right to counsel, he makes no showing that his attorney failed to render "professionally competent assistance." Strickland, 466 U.S. at 690. Specifically, although Whitehead cites various cases and legal principles, he fails to demonstrate factually how his attorney's performance was deficient or prejudiced the outcome of the revocation proceeding in any way. See Fed. Pet. at 15 - 16. Additionally, given that Whitehead's counsel asked the court to continue him on probation and that the government did not oppose defense counsel's request, it appears clear that it was the court, and the court alone, that decided to impose the entire seven year suspended sentence on Whitehead, which suggests that there was little, or nothing, Whitehead's counsel could have done to change the court's decision. Because the record suggests that there was no action Whitehead's counsel could have taken to change the court's ruling, Whitehead fails to establish that he was prejudiced by any act or omission of his attorney. As such, Whitehead has failed to satisfy either prong of the Strickland inquiry for his ineffective assistance

of counsel claim, and its dismissal by the state court was neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts. Cf. Williams, 529 U.S. at 413.

Turning now to Whitehead's claim that he was denied a fair trial, the circuit court in the habeas proceedings dismissed this argument relying on the holding in Henry v. Warden, 576 S.E.2d 495 (Va. 2003) that non-jurisdictional issues raised and decided either at trial or on direct appeal are not cognizable in a petition for a writ of habeas corpus. Whitehead, No. 06-1000 at 3. Without discussion or analysis, the Supreme Court of Virginia refused Whitehead's petition for appeal of the circuit court's decision. Whitehead, R. No. 070827. Accordingly, this Court must infer that the Supreme Court of Virginia's dismissal of the claim was based on the same reasons offered by the circuit court. See Ylst, 501 U.S. at 803. On direct appeal, the Court of Appeals of Virginia dismissed all of Whitehead's claims of trial error pursuant to various provisions of Virginia law that give judges broad discretion to revoke suspended sentences and to impose the sentences they deem appropriate, even if those sentences fall outside of the sentencing guidelines. See Whitehead v. Commonwealth, R. No. 1847-04-4, at 2 - 3 (Va. Ct. App. Jul. 7, 2005). Whitehead appealed this dismissal to the Supreme Court of Virginia, which dismissed the appeal because Whitehead failed to comply with the requirements of Virginia Supreme Court Rule 5:17(c). Whitehead v. Commonwealth, R. No. 051662 (Va. Oct. 14, 2005).

As mentioned above, this Court's scope of review is limited to questions of the federal Constitution or federal laws, and it may not reexamine a state court's interpretation and application of a state law, unless a petitioner demonstrates that the state court's actions resulted in a "complete miscarriage of justice." See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone,

151 F.3d 151, 157 (4th Cir. 1998). On direct appeal, the Supreme Court of Virginia refused to consider the claims Whitehead raised because the appeal of those claims did not comply with the requirements of Virginia Supreme Court Rule 5:17(c), which requires that the petition for appeal "list the specific errors in the rulings below upon which the appellant intends to rely." Va. Sup. Ct. R. 5:17(c). Whitehead's failure to adequately develop and clearly state the grounds for his assertions on appeal, in a manner different than he had already done both at trial and in his previous appeals, resulted in a procedural default. See Swisher v. Commonwealth, 506 S.E.2d 763, 766-67 (Va. 1998).

The Supreme Court of Virginia's refusal to hear Whitehead's claims rested squarely on the state procedural bar provided in the Virginia Supreme Court Rules, and federal law played no role in the decision. The Fourth Circuit has held consistently that when the Supreme Court of Virginia dismisses a petition pursuant to Rule 5:17(c), absent cause and prejudice or a miscarriage of justice, a federal court is barred from considering the claims raised in the petition because Rule 5:17(c) is an independent and adequate state ground for the decision. See e.g., Mueller v. Angelone, 181 F.3d 557, 582 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999). A procedural rule is adequate if it is regularly or consistently applied by the state court to cases that are procedurally analogous, see McCarver v. Lee, 221 F.3d 583, 589 (4th Cir. 2000), and is independent if it does not "depend on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75 (1985). Because the Fourth Circuit has held that Rule 5:17(c) is an independent and adequate state law ground for rejecting a petition for a writ of habeas corpus, Whitehead's claim that he was denied the right to a fair trial is barred from federal habeas review. Mueller, 181 F.2d at 584; Yeatts, 166 F.3d at 264;

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).[5] Moreover, as the circuit court noted on habeas review, and the Supreme Court of Virginia affirmed, this claim is not cognizable in a petition for a writ of habeas corpus. See Henry, 576 S.E.2d 495; Whitehead, No. 06-1000 at 3; Whitehead, R. No. 070827. Thus, Whitehead's instant claim that he was denied the right to a fair trial at his revocation hearing must also be dismissed.

## V. Conclusion

For the above reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 19th day of August 2008.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

[5] Additionally, the Court notes that Whitehead's pleadings fail to demonstrate cause for the procedural default or that a fundamental miscarriage of justice would result from the Court's failure to consider this claim.

12